IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRIAN MARIN § | |
| § | |
| *Plaintiff,* § | |
| § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| QUALITY CONSTRUCTION § | |
| ROOFING & REMODELING LLC § | |
| and JEFF S. DUNCAN § | |
| § | |
| *Defendants.* § | |

## COMPLAINT

Plaintiff Brian Marin brings this action against Quality Construction Roofing & Remodeling LLC and Jeff S. Duncan (collectively, "Defendants") and for cause of action alleges:

### I. PARTIES

1. Plaintiff, Brian Marin, is a citizen and resident of the State of Texas. Within the three-year period preceding the filing of this action, Plaintiff was employed by Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"). At all times hereinafter mentioned, Plaintiff was an employee for Defendants and was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. His written consent is attached as *Exhibit A* to this Complaint.

2. Defendant is a limited liability company that is incorporated under the laws of the State of Texas. Defendant Quality Construction Roofing & Remodeling LLC ("QCRR") is engaged in commerce or the production of goods for commerce within the meaning of the FLSA, and is obligated to ensure that all of its employees are paid in accordance with the FLSA. Defendant QCRR may be served with process through its registered agent, Jeff S. Duncan, at 4228 Keller Hicks, Keller, Texas 76244. Defendant QCRR's right to transact business in Texas has been "involuntarily ended."

3. Defendant, Jeff S. Duncan, is an individual and citizen of the State of Texas. Upon information and belief, Defendant Duncan is also a member-manager of Defendant QCRR. Within the meaning of the FLSA, Duncan acts directly or indirectly in the interest of Defendant with respect to its employees by suffering or permitting them to work and making managerial and strategic decisions affecting employees, including decisions affecting employee compensation. Defendant Duncan may be served with process at his home address at 2849 Spotted Owl, Dr., Fort Worth, Texas 76244.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 because the FLSA is a law arising under the Constitution, laws, or treaties of the United States. In addition, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claim for breach of contract because Plaintiff's breach of contract claim is so related to the FLSA claim, within the Court's original

jurisdiction, that they form part of the same case or controversy. Plaintiff's breach of contract claim arises from the Defendants' failure to pay Plaintiff the proper wages for the work Plaintiff performed, in breach of their agreement.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because Defendant Duncan resides in this district and Defendant QCRR has its principal place of business in this district.

### III. QCRR'S CAPACITY TO DEFEND OR SUE

6. The capacity of a company to bring or defend a suit is determined by the laws of the state where it is organized. Fed. R. Civ. P. 17(b)(2). In this case, QCRR, a company formed under the laws of Texas, lacks the capacity to defend or bring a suit pursuant to Section 171.252 of the Texas Tax Code. *See Tex. Tax Code* § 171.252. On October 27, 2015, according to the Texas Comptroller's Office, QCRR's right to transact business in Texas has been involuntarily ended. Exhibit B, attached, is a certified letter from the Texas Secretary of State finding that QCRR's certificate/charter has been forfeited. See *Exhibit B.* Plaintiff requests that this Court take judicial notice of Exhibit B, finding that QCRR's certificate/charter has been forfeited.

7. As a result of QCRR's forfeiture and pursuant to Section 171.252 of the Texas Tax Code, Defendant Jeff S. Duncan, an owner of QCRR, is individually liable for all of QCRR's debts. Further, pursuant to Sections 171.252 of the Texas Tax Code, QCRR <u>shall</u> be denied the right to sue or defend in a Texas court.

8. Notwithstanding the foregoing, Defendant Duncan is individually

liable as an "employer" pursuant to 29 U.S.C. § 203(d). As defined in Section 203(d), Duncan acts directly or indirectly in the interest of an employer with respect to employees – including Plaintiff - by suffering or permitting them to work and making managerial and strategic decisions and decisions affecting compensation.

## IV. CONDITIONS PRECEDENT

9. Plaintiff sent a thirty (30) day pre-suit demand in accordance with Chapter 38 of the Texas Civil Practices & Remedies Code.

10. All conditions precedent have been performed or have occurred.

## V. FLSA COVERAGE

11. At all times hereinafter mentioned, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

12. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. Based upon information and belief, at all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an

annual gross volume of sales made or business done of not less than $500,000.

15. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI. FACTS

16. Defendants began employing Plaintiff on or about March of 2015 until Plaintiff was terminated on May 20, 2016.

17. At all times, Plaintiff was an employee while working for Defendants.

18. Plaintiff was given instructions about when, where, and how he was to perform his work.

19. Plaintiff was at all times integrated into Defendant's business operations. Among other things, Plaintiff was required by Defendants to wear a shirt with QCRR's logo, use paper with QCRR's letterhead, and sign Plaintiff's name as a representative of QCRR.

20. Additionally, Plaintiff had little or no individual investment in the projects that Plaintiff was working on. At all times, Defendant had the right to control Plaintiff's rate of pay, work schedule, and the details of how Plaintiff carried out his work on behalf of Defendants.

21. Defendants have violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay Plaintiff, an employee, wages at rates not less than the federal minimum wage for his work in an enterprise engaged in commerce or the production of goods for commerce.

22. Defendants violated the FLSA's minimum wage requirement by paying Plaintiff a wage that was less than $7.25 per hour, when calculating each workweek standing alone.

23. Instead of paying Plaintiff by the hour, Defendants elected to pay Plaintiff, a non-exempt employee, a straight commission. There were several workweeks where Plaintiff would not receive any compensation for his work, as there were no commission distributed by Defendant.

24. Additionally, Defendants have violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2) by failing to pay Plaintiff all of his overtime wages due for his employment in excess of forty (40) hours in a workweek. Specifically, Defendants violated the FLSA's overtime provisions by paying Plaintiff a straight commission rate for all hours worked during Plaintiff's employment, including hours worked over forty (40) in a workweek that should have been compensated at time-and-a-half the regular rate.

25. Moreover, Defendants and Plaintiff entered into an oral contract whereby Defendants agreed to pay Plaintiff commissions in return for his work. However, Defendants breached that agreement when Defendants failed to pay Plaintiff all of the commissions he earned in accordance with their agreement.

26. As a result of the Defendants' willful, unreasonable, and bad faith violations of the FLSA, there has become an amount due and owing to Plaintiff an amount that has not yet been precisely determined. The employment and work records for Plaintiff (including time and attendance records) are in the exclusive

possession, custody, and control of the Defendants and Plaintiff is unable to state at this time the exact amount owing to him. Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 21 l(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiff and other employees similarly situated from which the amount of Defendants' liability can be ascertained.

### VII. CAUSE OF ACTION NO. 2 - FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. During the relevant period, Defendants have violated and are violating the provisions of Sections 206(a) and 215(a)(2) of the FLSA, 29 U.S.C. §§206 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and not compensating them in accordance with the minimum wage cited in Section 206 of the FLSA. In sum, Defendants failed to pay Plaintiff at least minimum wage for all hours worked on a workweek basis. Moreover, Plaintiff did not receive minimum wage "free and clear" for all hours worked as required by the FLSA. *See* 29 C.F.R. §531.35.

28. Further, Defendants have violated and are violating the provisions of Sections 207 of the FLSA, 29 U.S.C. §§206 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and not compensating them in accordance with the overtime cited in Section 207 of the FLSA. Defendants failed to pay Plaintiff time-and-one-half for all hours worked over 40 hours in a workweek.

Plaintiff received the same compensation regardless of the number of hours he worked.

29. Defendants have failed to act in good faith with respect to paying Plaintiff in accordance with the law. Thus, Defendants are liable for an amount of liquidated damages pursuant to Section 216 of the FLSA, 29 U.S.C. § 216(c).

## VIII.  CAUSE OF ACTION NO. 2 - BREACH OF CONTRACT

30. Plaintiff and Defendant had an agreement governing the payment of wages. This agreement was supported by valid consideration and was breached when Defendant failed to pay Plaintiff his earned wages in accordance with the terms of their agreement.

31. In breach of their agreement, Defendant has wholly failed to pay Plaintiff for all the commissions Plaintiff earned during his employment.

32. As a result of the breach, Plaintiff has suffered damages and loss of promised income.

## IX.  ATTORNEY FEES

33. Plaintiff is entitled to an award of attorney fees and costs under Section 216 of the FLSA, 29 U.S.C. § 216.

34. Plaintiff is also entitled to an award of attorney fees and costs pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code.

## X.  JURY DEMAND

35. Plaintiff requests trial by jury.

## XI. PRAYER

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 216(c) of the FLSA requiring Defendants to pay Plaintiff a sum equal to the unpaid minimum wage and overtime compensation due; and for an equal additional amount as liquidated damages; and

b. For an Order Awarding Plaintiff damages suffered as a result of Defendants' breach of their oral contract; and

c. For an Order Awarding Plaintiff the costs of this action; and

d. For an Order awarding Plaintiff attorney fees incurred; and

e. For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Drew N. Herrmann

Drew N. Herrmann
Texas Bar No. 24086523
*drew@herrmannlaw.com*

**HERRMANN LAW, PLLC**
777 Main St., Suite 600
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 887-1878 – fax
ATTORNEY FOR PLAINTIFF

# Exhibit A

## Notice of Consent

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages from my former employer(s).

_____       9-12-2016
Signature       Date

Brian Marin
Printed Name

# Exhibit B

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Carlos H. Cascos
Secretary of State

# Forfeiture pursuant to Section 171.309 of the Texas Tax Code
## of
## Quality Construction Roofing & Remodeling LLC

File Number : 801564556           Certificate / Charter forfeited :   January 29, 2016

The Secretary of State finds that:

1. The Secretary has received certification from the Comptroller of Public Accounts under Section 171.302 of the Texas Tax Code indicating that there are grounds for the forfeiture of the taxable entity's charter, certificate or registration; and

2. The Comptroller of Public Accounts has determined that the taxable entity has not revived its forfeited privileges within 120 days after the date that the privileges were forfeited.

Therefore, pursuant to Section 171.309 of the Texas Tax Code, the Secretary of State hereby forfeits the charter, certificate or registration of the taxable entity as of the date noted above and records this notice of forfeiture in the permanent files and records of the entity.



Carlos H. Cascos
Secretary of State